# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMARCUS TUCKER,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | **NO. 16-3104** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants | : | |

## M E M O R A N D U M

**STENGEL, C. J.**                                                                                   November 2, 2017

Demarcus Tucker filed this counseled amended complaint against the City of Philadelphia and several members of its Police Department, alleging civil rights violations pursuant to 42 U.S.C. §§ 1983, 1981, 1985, 1986, and several state law torts. The Defendant City and Defendants John Smith, David Anzideo, and Shawn Parker filed a motion to partially dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They contend that Counts II, III, and V should be dismissed. Mr. Tucker responded. For the following reasons, I will grant the motion in part and deny it in part.

## I. BACKGROUND[1]

The amended complaint alleges that Mr. Tucker was incarcerated in state prison for a period of one and half years as a result of false charges brought against him by

---

[1] The facts are gleaned from the amended complaint and the extrinsic documents upon which it is based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004). For the purposes of this motion, they are presented in the light most favorable to the plaintiff, as the non-moving party, and are accepted as true with all reasonable inferences drawn in his favor.

certain police officers of the City. Specifically, it alleges that, on June 19, 2014, Mr. Tucker was innocently riding his bicycle when he was brutally attacked by the police without warning. The police officer defendants tasered him and pushed him onto the ground. Mr. Tucker was then thrown into a police vehicle causing a fracture of his right hand and/or wrist. He alleges that the police officers beat him about the head and face, and other portions of his body. Mr. Tucker then alleges that he was wrongfully arrested and charged with various crimes including the possession of an instrument of crime, and placed into custody at the Curran-Fromhold Correctional Facility in Philadelphia from June 19, 2014 through February 17, 2016.

The amended complaint further alleges that Mr. Tucker was released only after the Court of Common Pleas determined that the police officers had engaged in an illegal search and seizure, and that they had no probable cause to arrest, charge, and/or confine Mr. Tucker.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a plausible claim for relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

While Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . .claim is and the grounds upon which it rests," Bell Atlantic, 550 U.S. 544, the plaintiff must provide "more than labels and conclusions." Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 649 (E.D. Pa. 2010)(citing Bell Atlantic, 550 U.S. 544). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. DISCUSSION

The three claims that are the subject of this motion to dismiss were brought against the defendants pursuant to 42 U.S.C. § 1983. Under 42 U.S.C. § 1983, a private party may recover in an action against any person acting under the color of state law who deprives the party of his constitutional rights. The relevant text of § 1983 provides, in part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or any other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ."

Section 1983 does not by itself confer substantive rights, but rather, provides a remedy for redress when a constitutionally protected right has been violated. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (citing Baker v. McCollan, 443 U.S. 137, 140, 144 n.3 (1979)). Thus, in order to bring a successful claim for relief under § 1983, "a

plaintiff must demonstrate that the defendant, acting under color of law, deprived him of a right secured by the Constitution or the laws of the United States." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

### A. Count II

In Count II, Mr. Tucker alleges a claim against the individual police officer defendants in their individual capacities for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1981.[2] He contends that his race, i.e., African American, was a motivating factor in the defendants' decisions to use excessive force, and then to maliciously arrest and prosecute him with false charges. See Am.Compl. ¶ 82. The defendants argue that this claim should be dismissed because Mr. Tucker has failed to state a claim upon which relief may be granted. I agree.

The Fourteenth Amendment dictates that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV. The purpose of this clause is "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

---

[2] Title 42 of the United States Code, Section 1981 provides that "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

4

Thus, to state an equal protection claim for racial discrimination under Section 1983, Mr. Tucker must establish that the actions of these defendants "(1) had a discriminatory effect, and (2) were motivated by a discriminatory purpose." Bradley v. United States, 299 F.3d 197, 205 (3d Cir. 2002) (citations omitted). To establish a discriminatory effect, Mr. Tucker must "show that [he] is a member of a protected class and that [he] was treated differently from similarly situated individuals in an unprotected class." Id. at 206 (citations omitted). Mr. Tucker, an African-American, is a member of a protected class. The amended complaint, however, does not allege any facts that Mr. Tucker was treated differently from other similarly situated individuals who were not in a protected class. Therefore, the amended complaint does not establish that the actions of the defendant police officers had a discriminatory effect and, as such, Mr. Tucker has failed to plead a claim for racial discrimination in violation of the Equal Protection Clause.

Mr. Tucker's claim of racial discrimination pursuant to 42 U.S.C. § 1981 also fails. In order to establish a successful § 1981 claim against the defendants, Mr. Tucker must show, "(1) that [he] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant[s]; and (3) discrimination concerning one or more of the activities enumerated in the statute." Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001) (emphasis added). The Supreme Court has made clear that Section 1981 reaches only purposeful discrimination. General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 389, 391 (1982); see also Chauhan v. M. Alfieri Co., 897 F.2d 123, 126 (3d Cir. 1990). Purposeful or intentional discrimination "may be

5

demonstrated through disparate impact, departures from procedural norms, a history of discriminatory actions, and other relevant facts." Flagg v. Control Data, 806 F. Supp. 1218, 1223 (E.D. Pa. 1992), aff'd, 998 F.2d 1002 (3d Cir. 1993) (citing Village of Arlington Heights v. Met. Hous. Dev. Corp., 429 U.S. 252, 264-68 (1977)).

Here, the parties concede that Mr. Tucker is a member of a racial minority. With no real factual basis, however, he alleges that the defendants' conduct was undertaken with the purpose of depriving him of the equal protection and benefits of the laws, equal privileges, and immunities under the law, and that their conduct was willful, malicious, in bad faith, and in reckless disregard of his federally and state-protected rights. Mr. Tucker does not attempt to establish the third prong of a Section 1981 claim, i.e., discrimination concerning one or more of the activities enumerated in the statute. Those activities include making and enforcing contracts, suing, being parties, and giving evidence. Accordingly, I find that Mr. Tucker has not sufficiently pleaded a claim for racial discrimination under 42 U.S.C. § 1981. I will grant the defendants' motion to dismiss Count II in its entirety.

### B. Count III

In Count III, Mr. Tucker brings a claim under 42 U.S.C. §§ 1985 and 1986 against the defendant police officers in their individual capacities alleging racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. The defendants move to dismiss this Count for failure to state a claim, arguing that Mr. Tucker failed to plead the existence of discriminatory animus or a hostile motive which triggered the defendants' conduct. They also argue that the plaintiff failed to adequately

6

allege a conspiracy, even though such allegations are required to bring a claim under Section 1985. Again, I must agree.

Section 1985 provides relief where a plaintiff can show that a defendant engaged in: (1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protections of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. Williams v. Bhd. Mission's Bd. of Trs., 2004 U.S. Dist. LEXIS 4435, *12 (E.D. Pa. Feb. 10, 2004) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)).

To survive a motion to dismiss, a plaintiff must do more than set forth conclusory allegations of conspiracy. See Aultman v. Padgett, 2003 U.S. Dist. LEXIS 18119, *5 (E.D. Pa. Sept. 10, 2003) (citations omitted). Instead, "a complaint must allege specific facts suggesting there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end." Id. (quoting Lamb Foundation v. North Wales Borough, 2001 U.S. Dist. LEXIS 18797 (E.D. Pa. Nov. 16, 2001)).

Here, Mr. Tucker alleges that the individual police officers "acted in concert and joint action with each other." See Am.Compl. ¶ 107. This is far from alleging a conspiracy. There are no specific fact alleges to establish that there was a mutual understanding among the police officers to take an action directed toward an unconstitutional end. Accordingly, I find that Mr. Tucker has failed to plead sufficiently a claim for racial discrimination under Section 1985.

Section 1986 constitutes an additional safeguard against the wrongs prohibited by Section 1985." Dixon v. Boscov's Inc., 2002 U.S. Dist. LEXIS 13815 (E.D. Pa. July 17, 2002). "It provides a cause of action for recovery against anyone who with knowledge of a Section 1985 conspiracy and the power to prevent its violation, neglects or refuses to do so." Id. To state a claim under § 1986, a plaintiff must show the existence of a § 1985 conspiracy. Id.; see also Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994) (without a properly pled claim under § 1985, a plaintiff cannot bring a § 1986 claim). Because I have found that Mr. Tucker has not sufficiently pleaded a claim under Section 1985, I must also find that his claim under Section 1986 fails. I will grant the defendants' motion to dismiss Count III in its entirety.

**C. Count V**

In Count V, Mr. Tucker alleges violations of the Fourth, Fourteenth, and First Amendments to the United States Constitution and of 42 U.S.C. § 1981,[3] against the City of Philadelphia and Philadelphia Police Commissioner Richard J. Ross, Jr.[4] Mr. Tucker claims that:

> these defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of the plaintiff's

---

3 Because I found that Mr. Tucker did not sufficiently plead a claim under § 1981 in Count II, I will not revisit the claim here.

4 Defendant Police Commissioner Richard J. Ross, Jr., is being sued in his official capacity only. In their motion, the defendants argue that I should dismiss this claim against both the City and Commissioner Ross because any claim against the Commissioner is actually a claim against the City itself.

> constitutional and federal rights as set forth herein and in the other claims, and resulted from a conscious or deliberate choice to follow a court of action from among various available alternatives.

See Am.Compl. ¶ 146. Mr. Tucker further claims that the "deliberately indifferent training and supervision provided by the Defendant City and Defendant Ross resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the Defendant City and Defendant Ross and were moving forces in the constitutional violations complained of by" Mr. Tucker. Id. at ¶ 149.

Municipal liability will only attach under § 1983 when "the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978). In order to recover from a municipality under § 1983, Mr. Tucker must: (1) identify a policy or custom that deprived him of a federally protected right; (2) demonstrate that the municipality, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation; and (3) establish a direct causal link between the policy or custom and the plaintiff's injury. Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

A municipal policy, for purposes of § 1983, is a statement, ordinance, regulation, or decision officially adopted and promulgated by a government body's officers. Monell, 436 U.S. at 690; see also Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) (policy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict). Such a

policy generally implies a course of action consciously chosen from among various alternatives. Tuttle, 471 U.S. at 823. Limiting liability to identifiable policies ensures that municipalities are only liable for "deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Brown, 520 U.S. at 403-04.

A custom, while not formally adopted by the municipality, may lead to liability if the "relevant practice is so widespread as to have the force of law." Id. at 404. This requirement will not be construed so broadly as to circumvent Monell: "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy . . . ." Tuttle, 471 U.S. at 823-824.

Here, the defendants argue that the Monell claim must fail, contending that Mr. Tucker simply parrots the legal standard for Monell liability without pleading sufficient facts regarding a municipal policy or custom. They further argue that Mr. Tucker has failed to make factual allegations regarding the conduct of a municipal policy maker in his amended complaint. I do not agree.

I am satisfied that the amended complaint more than sufficiently identifies municipal policies and/or customs that allegedly deprived Mr. Tucker of at least one federally protected right. Specifically, the amended complaint identifies policies and/or customs of the Philadelphia Police Department: (1) to be indifferent to the rights of citizens to be free from excessive force by police when such use is unnecessary and unjustified, see Am.Compl. ¶ 37, to be free from racism in law enforcement, id. at ¶ 39,

to be free from retaliation for exercising their First Amendment rights, id. at ¶ 41, and to be free from malicious prosecution, id. at ¶ 43; and (2) to permit police officers to use excessive force against individuals, id. at ¶ 38, to permit police officers to use race and race-based animus as motivating factors in police decisions and actions, id. at ¶ 40, to permit police officers to retaliate against individuals for exercising their First Amendment rights, id. at ¶ 42, and to find no fault with police conduct as long as any story is given by police, regardless of how incredible, id. at ¶ 44.

Not only has the amended complaint identified various municipal policies and/or customs, it also properly pleads the second prong of the test for municipal liability under § 1983, i.e., pleading that the municipality, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation. Brown, 520 U.S. at 404. The amended complaint indicates that the City and Police Commissioner Ross "ongoingly encouraged, tolerated, ratified, and acquiesced" in police misconduct of brutality, racism, retaliation, and malicious prosecution. See Am.Compl. ¶¶ 37, 39, 41, 43. The amended complaint further claims that it has been the longstanding and widespread custom, habit, practice and/or policy of the City, Defendant Ross, and the Philadelphia Police Department to find no fault with police misconduct. Id. at ¶ 44.

Finally, the amended complaint also satisfies the third prong. Mr. Tucker sufficiently pleads that "as a direct and proximate result of the wrongful conduct of each of the defendants," he has been substantially injured. Id. at ¶ 47. These injuries include the loss of constitutional, state, and federal rights; physical injuries; impairments and disfigurement; great pain and emotional distress; and/or aggravation of pre-existing

conditions, and ongoing special damages for medical and/or psychological treatment caused by the unconstitutional and moving forces concerted conduct" of the defendants. Id.

Being mindful of our more heightened form of pleading requiring a plaintiff to allege facts sufficient to show that the plaintiff has a plausible claim for relief, I find that the amended complaint sufficiently pleads a Monell claim. Mr. Tucker will have the opportunity for discovery and to offer evidence to support this claim as the action progresses.

Alternatively, a plaintiff can also allege a Monell claim "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 387-88 (1989) (for liability to attach under a failure to train theory, a municipality's failure to train its employees must reflect a deliberate or conscious choice by the municipality such that one could call it a policy or custom). In order for a municipality's failure to train to be actionable under § 1983, however, it must amount to "deliberate indifference" to the rights of the persons with whom police officers come into contact, and it must be shown to be a part of city policy. Id. at 389-390. To establish the requisite "deliberate indifference," there must be proof of "a pattern of underlying constitutional violations." Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004). The plaintiff "must also show that 'a reasonable municipal policy maker had knowledge of prior incidents or knowledge of similar violations of constitutional rights and failed to take adequate measures to ensure the particular right in question.'" Cacciatore v. City of Phila., 2005 U.S. Dist. LEXIS

19064, *1, *6 (E.D. Pa. Sept. 1, 2005) (quoting Garcia v. County of Bucks, 155 F. Supp. 2d 259, 268 (E.D. Pa. 2001)). A plaintiff who pursues a § 1983 claim "must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivation occurred." Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997).

Here, the amended complaint also sufficiently pleads a Monell claim for the failure of the Defendant City, Defendant Ross, and the Philadelphia Police Department to supervise and to train its personnel. Specifically, it alleges that, as a longstanding, widespread, and deliberately indifferent custom, habit, practice and/or policy, the Defendant City, Defendant Ross, and the Police Department fail to supervise and to train law enforcement personnel in the appropriate constitutional limits on the use of force, see Am.Compl. ¶ 38, fail to supervise and to train law enforcement personnel in the rights of citizens to be free from such race-based decision making in law enforcement, id. at ¶ 40, and fail to supervise and to train law enforcement personnel in the rights of individuals, id. at ¶ 42. The amended complaint also alleges that Defendant City and Defendant Ross knew of these failures to supervise and train, but chose to ignore them. In fact, it alleges that the "deliberately indifferent training and supervision provided by the Defendant City and Defendant Ross resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the Defendant City and Defendant Ross and were moving forces in the constitutional and federal violation injuries" of Mr.

13

Tucker.  Id. at ¶ 149.  Mr. Tucker alleges that as a result of these failures, he has suffered actual physical and emotional injuries.  Id. at ¶ 50.

Because I find that Mr. Tucker has sufficiently pleaded a Monell claim against the City and Police Commissioner Ross based on municipal policies and/or customs, and on a failure to supervise and train, I will deny the defendants' motion to dismiss Count V.

An appropriate Order follows.